IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:16-CR-68-1H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CHRISTOPHER GLENN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the government's motion for review of the release order of Magistrate Judge Kimberly A. Swank's releasing defendant to substance abuse inpatient treatment pending sentencing. Defendant has responded, and this matter is ripe for adjudication.

The release order found defendant met the conditions of release set forth in 18 U.S.C. § 3143(a)(1), that it would be in the public's best interest, as well as defendant's, for defendant to obtain substance abuse treatment at Potter's Wheel Ministries, and that there are exceptional circumstances for defendant's release pursuant to 18 U.S.C. § 3145(c).

The government moves this court to return defendant to custody pending sentencing. The government's argument is an interesting one — while admitting that defendant's crimes are driven by his substance abuse, the government believes that essentially it is

not fair that defendant should be granted the ability to obtain much-needed treatment when others cannot due to their inability to pay. Additionally, the government believes because many defendant suffers from substance abuse, there is nothing "exceptional" about this case.

This court has carefully reviewed all pertinent documents and records in this matter. The court recognizes there is a legal question regarding whether Hobbs Act robbery is a "crime of violence" and thus whether the magistrate judge was required to find "exceptional circumstances" prior to releasing defendant Glenn. However, assuming without deciding that exceptional circumstances are required, the undersigned finds those circumstances exist in this case. Defendant has a substance abuse problem, has the ability to obtain treatment at Potter's Wheel, which provides intensive inpatient treatment, has a lack of criminal history, and is young. Additionally, the facts surrounding this particular crime make this case an appropriate one for this release for treatment. Finally, the court did not release defendant without conditions. In fact, his release is conditioned upon his remaining at Potter's Wheel, and he was transported there by the US Marshal Service. The court is convinced that Judge Swank properly considered the requirements of 18 U.S.C. § 3143 and § 3145(c) and finds release was proper.

Therefore, the government's motion to revoke the release order is DENIED.

This 13th day of June 2017.

*[signature]*
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26